CYRUS ZAL, SBN:102415
CYRUS ZAL, A PROFESSIONAL CORPORATION
102 Mainsail Court
Folsom, CA  95630
Telephone:  (916) 220-4315
Fax:             (916) 985-4893
Email:         czal47@comcast.net

Attorney for Plaintiffs Mohammad Aghanazari and Kevan Daryabeghi Moghadam

UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD AGHANAZARI and KEVAN DARYABEGHI MOGHADAM,<br><br>             Plaintiffs,<br><br>   vs.<br><br>SOUTHWEST AIRLINES CO., AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC., and DOES 2 to<br><br>             Defendants. | Case No.: 2:22-CV-00630-TLN-AC<br><br>**FIRST AMENDED COMPLAINT OF PLAINTIFFS MOHAMMAD AGHANAZARI AND KEVAN DARYABEGHI FOR DAMAGES FOR:**<br><br>(1)  ASSAULT;<br>(2)  BATTERY;<br>(3)  NEGLIGENCE;<br>(4)  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; and<br>(5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs Mohammad Aghanazari and Kevan Daryabeghi Moghadam (collectively, "Plaintiffs") allege as a First Amended Complaint as follows:

1. Plaintiffs originally filed this action on September 3, 2021 in the Superior Court of the State of California in and for the County of Sacramento, Case No. 34-2021-00307399. On April 7, 2022, defendant Southwest Airlines Co. ("Defendant Southwest") filed a "Notice of Removal to United States District Court" (ECF 1), removing this action from State court to this Court. Plaintiffs are not opposing or objecting to the removal of this action to this Court. On April 14, 2022, Defendant Southwest filed a motion to dismiss the original Complaint for failure to state a claim pursuant to FRCP 12(b)(6) (ECF 4). Pursuant to FRCP 15(a)(1)(B), Plaintiffs may amend their pleading once as a matter of course within 21 days of the filing of a motion to dismiss under FRCP 12(b), which makes the deadline for Plaintiffs to file this First Amended Complaint to be May 5, 2022. This First Amended Complaint is being filed on May 4, 2022.

2. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is an action which may be removed to this Court pursuant to 28 U.S.C. §1441(b), in that it is a civil action between citizens of different states, with complete diversity of citizenship among the parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

3. At the time of the filing of this action, Plaintiffs were residents and citizens of the State of California, and currently are residents and citizens of the State of California.

4.     At all times mentioned herein, Defendant Southwest was, and is, a Texas corporation with its principal place of business in the State of Texas.

5.     Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, Defendant American Medical Response Ambulance Service, Inc. ("Defendant AMR") was, and is, a corporation incorporated in Delaware and has maintained its principal place of business in the State of Colorado.

6.     Defendant AMR had originally been sued in State court as "DOE 1", and while this action was pending in State court, Plaintiffs filed an Amendment to Complaint in State court on March 25, 2022, identifying DOE 1 as Defendant AMR. Plaintiffs again identify DOE 1 as Defendant AMR in this action.

7.     The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of Defendants named herein as DOES 2 through 20 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. When the true names and capacities of said Defendants are ascertained, Plaintiff will amend the Complaint by inserting said true names and capacities in place of said fictitious names and capacities. Plaintiff is informed and believes, and thereon alleges, that DOES 2 through 20, and each of them, are legally responsible in some manner for the events and happenings referred to herein, and proximately caused or contributed to the injuries and damages to Plaintiff which are hereinafter alleged. Whenever in this Complaint any Defendant is the subject of any charging allegation by Plaintiff, it shall be deemed that said Defendants DOES 2 through 20 are likewise the

subject of said charging allegation.

8. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that Defendants, including the DOE defendants, were agents and employees of each other and in doing the acts alleged herein were acting within the course and scope of that agency and employment. At all times relevant herein, each of the Defendants, including the DOE defendants, was the agent, servant, partner, officer, director, or employee of each of the remaining Defendants and was doing the acts herein complained of within the scope of his/her/its agency and employment.

## FIRST CAUSE OF ACTION FOR ASSAULT

### [Against Defendants AMR and Doe 2]

9. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 8 above as if fully set forth herein, and allege this first cause of action for assault against Defendants AMR and DOE 2.

10. At all times mentioned herein, Plaintiffs Mohammad Aghanazari ("Plaintiff Agahanazari") and Kevan Daryabeghi Moghadam ("Plaintiff Moghadam") were married to each other as husband and wife. On September 24, 2019, Plaintiffs were aboard Southwest Airline Flight 865 flying from Sacramento, California to Phoenix, Arizona when Plaintiff Aghanazari suddenly began experiencing symptoms of a heart attack during the flight. Due to Plaintiff Aghanazari's extreme distress and apparent heart attack, the aircraft diverted to Las Vegas and made an emergency landing at McCarran International Airport in Paradise, Nevada, an airport located in the Las Vegas metropolitan area. After the aircraft had made the emergency landing in

4

McCarran International Airport, Defendant Southwest called for paramedics to come on board of the aircraft to deal with the health issues being experienced by Plaintiff Aghanazari. Defendant DOE 2, whose true name is currently unknown to Plaintiffs, is the paramedic who interacted directly with Plaintiff Aghanazari on the Southwest aircraft while the aircraft was on the tarmac of McCarran International Airport. Defendant AMR is the paramedic company that employed Defendant DOE 2 with respect to the conduct of Defendant DOE 2 described herein.

11.   When DOE 2 came on board the aircraft to supposedly provide care and assistance to Plaintiff Aghanazari, Plaintiff Aghanazari was laying down across the front row of seats of the aircraft. Defendant DOE 2, who was very angry and surly when he came aboard the aircraft, began yelling at Plaintiff Aghanazari for no reason at all, and DOE 2 treated Plaintiff Aghanazari very roughly and violently by grabbing Plaintiff Aghanazari by the back of the neck and left shoulder, and violently jerking and pulling him around to place Plaintiff Aghanazari onto the gurney to transport Plaintiff Aghanazari to the hospital.

12.   Defendant DOE 2's behavior was so outrageous and uncalled for that a nearby passenger on the aircraft called out to Defendant DOE 2 to "take it easy". Defendant DOE 2 angrily told this passenger, who was a medical doctor, "don't interfere!" Defendant DOE 2 caused physical injuries to Plaintiff Aghanazari by his rough and violent handling and treatment of him, and also caused Plaintiff Aghanazari to suffer emotional distress and mental trauma. As a result of Plaintiff Aghanazari's

physical injuries caused by Defendant DOE 2's actions and conduct as described above, Plaintiff Aghanazari was required to receive chiropractic treatment for his injuries.

13. Plaintiff Aghanazari was subsequently transported from Defendant Southwest's aircraft to Desert Springs Hospital in Las Vegas, Nevada, and was diagnosed with a blockage of an artery to his heart. Plaintiff Moghadam suffered extreme emotional distress and mental trauma when she observed the negligent and outrageous conduct of Defendant DOE 2 with respect to her husband, Plaintiff Aghanazari.

14. In engaging in the conduct described in paragraphs 11 and 12 above, Defendant DOE 2 committed the tort of assault against Plaintiff Aghanazari, as Defendant DOE 2: (1) acted with the intent to cause harmful and offensive contact to Plaintiff Aghanazari; (2) Plaintiff Aghanazari reasonably believed he was about to be touched in a harmful and offensive manner by Defendant DOE 2; (3) Plaintiff Aghanazari did not consent to Defendant DOE 2's harmful and offensive conduct; (4) Plaintiff Aghanazari was actually harmed physically and emotionally by Defendant DOE 2's harmful and offensive conduct; and (5) Defendant DOE 2's harmful and offensive conduct was a substantial factor in causing harm to Plaintiff Aghanazari.

15. As a proximate result of Defendant DOE 2's above-described conduct in committing an assault against him, Plaintiff Aghanazari has suffered damages in the minimum amount of $75,000.

16. As the employer of Defendant DOE 2, Defendant AMR is liable under the doctrine of *respondeat superior* for the conduct and actions committed by Defendant

DOE 2 against Plaintiff Aghanazari as described in paragraphs 11 and 12 above, and Defendant AMR is also liable for the resulting injuries and damages to Plaintiff Aghanazari.

17. Defendant DOE 2's above-described conduct in assaulting Plaintiff Aghanazari was intentional, oppressive and committed with actual malice, and Plaintiff Aghanazari is entitled to punitive damages against Defendant DOE 2 in an amount to be established by proof at trial.

## SECOND CAUSE OF ACTION FOR BATTERY

**[Against Defendants AMR and Doe 2]**

18. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17 above as if fully set forth herein.

19. In engaging in the conduct described in paragraphs 11 and 12 above, Defendant DOE 2 committed the tort of battery against Plaintiff Aghanazari, as Defendant DOE 2: (1) put his hands on Plaintiff Aghanazari with the intent to harm and offend Plaintiff Aghanazari; (2) Plaintiff Aghanazari did not consent to be touched in a harmful and offensive manner by Defendant DOE 2; (3) Plaintiff Aghanazari was actually harmed physically and emotionally by Defendant DOE 2's harmful and offensive conduct; and (4) a reasonable person in Plaintiff Aghanazari's position would have been offended by the touching.

20. As a proximate result of Defendant DOE 2's harmful and offensive conduct in committing a battery against him, Plaintiff Aghanazari has suffered damages in the minimum amount of $75,000.

21. As the employer of Defendant DOE 2, Defendant AMR is liable under the doctrine of *respondeat superior* for the conduct and actions committed by Defendant DOE 2 against Plaintiff Aghanazari as described in paragraphs 11 and 12 above, and Defendant AMR is also liable for the resulting damages to Plaintiff Aghanazari.

22. Defendant DOE 2's above-described conduct in committing a battery against Plaintiff Aghanazari was intentional, oppressive and committed with actual malice, and Plaintiff Aghanazari is entitled to punitive damages against Defendant DOE 2 in an amount to be established by proof at trial.

## THIRD CAUSE OF ACTION FOR NEGLIGENCE

### [Against Defendants AMR and Doe 2]

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22 above as if fully set forth herein, and allege this cause of action for negligence against Defendants AMR and DOE 2.

24. Defendants AMR and DOE 2, in coming aboard the aircraft to supposedly treat and assist Plaintiff Aghanazari as described above in paragraphs 11 and 12, owed a legal duty of care to Plaintiff Aghanazari not to harm Plaintiff Aghanazari.

25. Defendants AMR and DOE 2, in coming aboard the aircraft to supposedly treat and assist Plaintiff Aghanazari, violated their legal duty of care to Plaintiff Aghanazari by Defendant DOE 2's conduct and actions as described above in paragraphs 11 and 12.

26. As a proximate result of Defendants AMR and DOE 2's breach of their legal duty of care toward Plaintiff Aghanazari, Plaintiff Aghanazari has suffered damages in the minimum amount of $75,000.

27. As the employer of Defendant DOE 2, Defendant AMR is liable under the doctrine of *respondeat superior* for the conduct and actions committed by Defendant DOE 2 against Plaintiff Aghanazari as described in paragraphs 11 and 12 above, and Defendant AMR is also liable for the resulting damages to Plaintiff Aghanazari.

## FOURTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### [Against Defendants AMR and Doe 2]

28. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 27 above as if fully set forth herein, and allege this cause of action for negligent infliction of emotional distress against Defendants AMR and DOE 2.

29. Defendants AMR and DOE 2, in coming aboard the aircraft to supposedly treat and assist Plaintiff Aghanazari as described above in paragraphs 11 and 12, owed a legal duty of care to Plaintiff Aghanazari not to harm Plaintiff Aghanazari, and said defendants also owed a legal duty of care to Plaintiff Moghadam not to cause emotional distress to her by their actions toward Plaintiff Aghanazari.

30. Defendants AMR and DOE 2, in coming aboard the aircraft to supposedly treat and assist Plaintiff Aghanazari, violated their legal duty of care to Plaintiffs Aghanazari and Moghadam by Defendant DOE 2's conduct and actions as described above in paragraphs 11 and 12.

9

31.     As a proximate result of Defendants AMR and DOE 2's breach of their legal duty of care toward Plaintiffs Aghanazari and Moghadam, Plaintiff Moghadam has suffered damages for emotional distress in the minimum amount of $25,000 caused by her observing the injuries and mistreatment of Plaintiff Aghanazari by Defendant DOE 2.

32.     As the employer of Defendant DOE 2, Defendant AMR is liable under the doctrine of *respondeat superior* for the conduct and actions committed by Defendant DOE 2 against Plaintiff Moghadam as described in paragraphs 11 and 12 above, and Defendant AMR is also liable for the resulting damages to Plaintiff Moghadam.

## FIFTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### [Against Defendants AMR and Doe 2]

33.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 32 above as if fully set forth herein, and allege this cause of action for intentional infliction of emotional distress against Defendants AMR and DOE 2.

34.     Defendants AMR and DOE 2, in coming aboard the aircraft to supposedly treat and assist Plaintiff Aghanazari as described above in paragraphs 11 and 12, engaged in extreme and outrageous conduct by Defendant DOE 2 in yelling for no reason at all at Plaintiff Aghanazari, who was an obviously ill individual, by treating Plaintiff Aghanazari very roughly and violently by grabbing Plaintiff Aghanazari by the back of the neck and left shoulder, and violently jerking and pulling him around to place Plaintiff Aghanazari onto the gurney to transport Plaintiff Aghanazari to the hospital,

and by ignoring the plea of a fellow passenger "to take it easy" on Plaintiff Aghanazari. DOE 2 engaged in this conduct against Plaintiff Aghanazari with the intent of causing, or with reckless disregard of the probability of causing, emotional distress in Plaintiffs Aghanazari and Moghadam.

35.   As a proximate result of DOE 2's outrageous and extreme conduct as described above in paragraph 34, Plaintiffs Aghanazari and Moghadam suffered extreme and severe emotional distress, resulting in injuries and damages to them in the minimum amount of $75,000.

### SIXTH CAUSE OF ACTION FOR NEGLIGENCE

### [Against Defendant Southwest]

36.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35 above as if fully set forth herein, and allege this cause of action for negligence against Defendant Southwest.

37.   Defendant Southwest, as a common carrier, owed a legal duty of care to Plaintiff Aghanazari not to allow Plaintiff Aghanazari to be assaulted and battered while Plaintiff Aghanazari was on Defendant Southwest's aircraft, and Defendant Southwest owed a further legal duty of care to Plaintiffs Aghanazari and Moghadam to intervene to protect Plaintiff Aghanazari when DOE 2 was assaulting and battering Plaintiff Aghanazari as described in paragraphs 11 and 12 above.

38.   In describing the legal duty of care that common carriers owe to their passengers, the courts in California have stated as follows: "[T]he duty to protect passengers from assault lies only when a common carrier knows or should know that an

11

assault is about to occur." (*City and County of San Francisco v. Superior Court* (1994) 31 Cal.App.4th 45,48, citing *Lopez v. Southern California Rapid Transit District* (1985) 40 Cal.3d 780, 785-786.)

39. In the instant case, it was obvious to everyone on the Southwest aircraft that Plaintiff Aghanazari was being assaulted and battered by DOE 2, with even one passenger, who was a medical doctor, calling out to DOE 2 to "take it easy", but Defendant Southwest breached its legal duty of care to Plaintiffs Aghanazari and Moghadam by failing to intervene with DOE 2 to prevent further harm and injury to Plaintiff Aghanazari by DOE 2.

40. As a proximate result of Defendant Southwest failing to intervene with DOE 2 to prevent further harm and damage by DOE 2 to Plaintiff Aghanazari while he was being assaulted and battered by DOE 2, Plaintiff Aghanazari suffered mental trauma, emotional distress and physical injuries and damages in the minimum amount of $75,000, and Plaintiff Moghadam suffered mental trauma and emotional distress damages in the minimum amount of $25,000 when she realized Defendant Southwest would not intervene to protect Plaintiff Aghanazari from further harm and injury at the hands of DOE 2.

WHERFORE, Plaintiffs Mohammad Aghanazari and Kevan Daryabeghi Moghadam pray for judgment against Defendants Southwest Airlines Co., American Medical Response Ambulance Service, Inc., and DOES 2 to 20 as follows:

## FIRST CAUSE OF ACTION FOR ASSAULT

**[Against Defendants American Medical Response Ambulance Service, Inc. and Doe 2]**

1. For general damages in the minimum amount of $75,000 for Plaintiff Mohammad Aghanazari.

2. For special damages, including medical expenses, for Plaintiff Mohammad Aghanazari in an amount to be established by proof at trial.

3. For punitive damages for Plaintiff Mohammad Aghanazari in an amount to be established by proof at trial.

4. For costs of suit; and

5. For such further and other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION FOR BATTERY

**[Against Defendants American Medical Response Ambulance Service, Inc. and Doe 2]**

6. For general damages in the minimum amount of $75,000 for Plaintiff Mohammad Aghanazari.

7. For special damages, including medical expenses, for Plaintiff Mohammad Aghanazari in an amount to be established by proof at trial.

8. For punitive damages for Plaintiff Mohammad Aghanazari in an amount to be established by proof at trial.

9. For costs of suit; and

10. For such further and other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION FOR NEGLIGENCE

[Against Defendants American Medical Response
Ambulance Service, Inc. and Doe 2]

11. For general damages in the minimum amount of $75,000 for Plaintiff Mohammad Aghanazari.

12. For special damages, including medical expenses, for Plaintiff Mohammad Aghanazari in an amount to be established by proof at trial.

13. For costs of suit; and

14. For such further and other relief that the Court deems just and proper.

### FOURTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

[Against Defendants American Medical Response
Ambulance Service, Inc. and Doe 2]

15. For general damages in the minimum amount of $75,000 for Plaintiff Mohammad Aghanazari.

16. For special damages, including medical expenses, for Plaintiff Mohammad Aghanazari in an amount to be established by proof at trial.

17. For costs of suit; and

18. For such further and other relief that the Court deems just and proper.

### FIFTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

[Against Defendants American Medical Response
Ambulance Service, Inc. and Doe 2]

19. For general damages in the minimum amount of $75,000 for Plaintiff Mohammad Aghanazari and $25,000 for Plaintiff Kevan Daryabeghi Moghadam.

20. For special damages, including medical expenses, for Plaintiff Mohammad Aghanazari in an amount to be established by proof at trial.

21. For punitive damages for Plaintiffs Mohammad Aghanazari and Kevan Daryabeghi Moghadam in an amount to be established by proof at trial.

22. For costs of suit; and

23. For such further and other relief that the Court deems just and proper.

### SIXTH CAUSE OF ACTION FOR NEGLIGENCE

**[Against Defendant Southwest Airlines Co.]**

11. For general damages in the minimum amount of $75,000 for Plaintiff Aghanazari and in the minimum amount of $25,000 for Plaintiff Kevan Daryabeghi Moghadam.

12. For special damages, including medical expenses, for Plaintiff Mohammad Aghanazari in an amount to be established by proof at trial.

13. For costs of suit; and

14. For such further and other relief that the Court deems just and proper.

Cyrus Zal, A Professional Corporation

DATED: May 4, 2022        By: _____/s/ Cyrus Zal_____
                               Cyrus Zal, Attorney for Plaintiffs Mohammad
                               Aghanazari and Kevan Daryabeghi Moghadam

15