UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD AGHANAZARI, ET AL, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHWEST AIRLINES CO. ET AL., <br><br> Defendant. | No. 2:22-cv-00630-TLN-AC <br><br><br> **ORDER** |

This matter is before the Court on Defendant Southwest Airlines Co.'s ("Southwest") Motion to Dismiss. (ECF No. 12.) Plaintiffs Mohammad Aghanazari ("Aghanazari") and Kevan Daryabeghi Moghadam ("Moghadam") (collectively, "Plaintiffs") filed an opposition (ECF No. 15), and Southwest replied (ECF No. 19). For the reasons set forth below, the Court GRANTS Southwest's motion.

///
///
///
///
///
///
///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Aghanazari's treatment by a paramedic while onboard a Southwest Airlines flight. On September 24, 2019, Plaintiffs were traveling onboard Southwest Flight 865 from Sacramento, California to Phoenix, Arizona. (ECF No. 7 at 4.) During the flight, Aghanazari began experiencing symptoms of a heart attack. (*Id.*) As a result, the aircraft made an emergency landing at McCarran International Airport in Paradise, Nevada and called for paramedics to respond. (*Id.* at 4–5.)

Plaintiffs allege the responding paramedic roughly grabbed Aghanazari by the back of the neck and left shoulder and violently jerked and pulled him onto the gurney. (*Id.* at 5.) Plaintiffs further allege another passenger told the paramedic to "take it easy" while watching the paramedic's treatment of Aghanazari. (*Id.*)

Aghanazari was then transported to Desert Springs Hospital in Las Vegas where he was diagnosed with a blockage of an artery to his heart. (*Id.* at 6.) Aghanazari claims the rough treatment by the paramedic caused physical injuries, emotional distress, and mental trauma. (*Id.* at 5.) Moghadam also claims to have suffered emotional distress and mental trauma while observing the conduct of the paramedic with respect to her husband, Aghanazari. (*Id.* at 6.)

On April 7, 2022, Plaintiffs initiated this action against Southwest Airlines, American Medical Response Ambulance Services ("AMR"), and Doe 2.[1] (ECF No. 1.) On May 4, 2022, Plaintiff filed their First Amended Complaint ("FAC"). (ECF No. 7.) On May 18, 2022, Southwest filed the instant motion to dismiss Plaintiff's sixth cause of action for negligence, the only cause of action against Southwest. (ECF No. 12.)

///
///
///
///

---

[1] This action was originally filed in Superior Court of California for the County of Sacramento and was subsequently removed to this Court on April 7, 2022, pursuant to 28 U.S.C. § 1332. (ECF No. 1 at 2-3.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U. S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III.   ANALYSIS

Plaintiffs allege Southwest, as a common carrier, owed a legal duty of care to Aghanazari not to allow him to be assaulted and battered. (ECF No. 7 at 11.) Plaintiffs further allege Southwest owed a legal duty of care to Plaintiffs to intervene when the paramedic was assaulting and battering Aghanazari. (*Id.*) Plaintiffs allege this failure to intervene breached this legal duty of care and as such, Southwest was negligent towards Plaintiffs. (*Id.* at 12.)

To state a claim for negligence a plaintiff must show: (1) the existence of a duty of care; (2) breach of that duty; (3) causation; and (4) damages. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001). Southwest argues Plaintiffs' negligence claim fails because Plaintiffs have not pleaded sufficient facts to show duty of care. (ECF No. 7 at 4–9.)

"The defendant's duty of care is a prerequisite to any claim for negligence." *Martinez v. Flagstar Bank, FSB*, 2016 WL 3906810, at *6 (E.D. Cal. July 19, 2016) (citing *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991)). "Whether a duty of care exists is a question of law." *Id.* (citing *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 986 (9th Cir. 2000)).

California Civil Code § 2100 states "[a] carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill." This duty to prevent harm to passengers does not constitute "police services" but rather "precautionary measures" such as warning unruly passengers to behave, ejecting those who refuse to behave, and summoning the assistance of police. *Lopez v. Southern Cal. Rapid Transit Dist.*, 40 Cal. 3d 780, 792 (1975). Additionally, the duty to protect passengers from assault applies only when the common carrier knows or should know that an assault is about to occur. *City and Cnty. of S.F. v. Superior Court*, 31 Cal. App. 4th 45, 48 (1994) (citing *Lopez*, 40 Cal. 3d at 785–86).

Southwest argues it could not have anticipated some type of assault or harm to Plaintiffs. (ECF No. 12-1 at 9.) Rather, Southwest aided Aghanazari by calling for paramedics to help him with his medical emergency, not hurt him. (*Id.*) Indeed, Southwest notes Plaintiffs only provides conclusory allegations that are insufficient to establish any factual basis to conclude Southwest knew or should have known that an assault on a passenger was about to occur. (*Id.*) The Court agrees with Southwest.

Plaintiffs allege the aircraft diverted to Las Vegas, made an emergency landing, and called for paramedics due to Aghanazari's extreme distress and apparent heart attack. (ECF No. 7 at 4–5.) Accordingly, Southwest was fulfilling its obligation as a common carrier to protect its passengers from foreseeable harm by undergoing the "precautionary measures" to engage in an emergency landing and ensure Aghanazari had adequate medical attention. Plaintiffs, however, fail to allege adequate factual allegations showing what happened next — the alleged assault by the paramedic — was foreseeable. (*See id.* at 5.) Plaintiffs fail to show any preexisting animosity between Plaintiffs and the paramedic, or that Plaintiffs had interacted with the paramedic prior to

1  the incident in a way that would make any alleged assault foreseeable.  Additionally, Plaintiffs do
2  not provide evidence of any drunken, violent, or abusive speech by the paramedic towards
3  Plaintiffs that would put Southwest on notice of potentially combative behavior.  *See Terrell v.*
4  *Key Syst.*, 69 Cal. App. 2d 682, 684–85 (1945) (finding a train operator liable for injuries caused
5  during an onboard fight based on failure to respond to passengers' drunk, boisterous, and abusive
6  behavior).  While Plaintiffs allege the paramedic was "angry and surly when he came aboard the
7  aircraft" and "began yelling at Plaintiff Aghanazari for no reason at all," Plaintiff fails to allege
8  facts that could support a contention that the paramedic's mood and statements constituted a
9  threat.  (ECF No. 7 at 5.)

10  Additionally, Plaintiffs have failed to provide allegations of similar incidents that may
11  make it likely or foreseeable that an assault would occur in these circumstances.  There are no
12  reports of paramedics assaulting passengers during a medical emergency on Southwest or any
13  other airline.  *See Lopez v. Southern Cal. Rapid Transit Dist.*, 40 Cal. 3d at 791 (finding a bus
14  company liable for passenger's assault by fellow passenger based on history of such assaults on
15  the bus route and driver's failure to act to protect passengers or maintain order when notified the
16  assault was occurring).  In *City and County of San Francisco*, for example, the city was found not
17  liable when the plaintiff was stabbed while riding on a city-operated bus because the stabbing was
18  sudden and without warning.  31 Cal. App. 4th at 47.  In the instant case, Plaintiffs have failed to
19  provide sufficient factual allegations that the alleged assault on Aghanazari was foreseeable.

20  As such, this Court GRANTS Southwest's motion to dismiss.  While the Court has serious
21  doubts as to Plaintiffs' ability to plead a viable negligence claim, the Court will give Plaintiff an
22  opportunity to amend.
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Southwest's Motion to Dismiss with leave to amend. (ECF No. 12.) Plaintiff may file an amended complaint not later than thirty (30) days of the electronic filing date of this Order. Southwest is afforded twenty-one (21) days from the date Plaintiffs file a responsive pleading. If Plaintiff opts not to file an amended complaint, Southwest will be dismissed from this action and the case will proceed on the remaining claims in the Complaint (Claims One, Two, Three, Four, and Five as to AMR), and Defendant AMR shall file an answer not later than twenty-one (21) days from Plaintiff's deadline for filing an amended complaint.

IT IS SO ORDERED.

**DATE: February 7, 2023**

Troy L. Nunley
United States District Judge