UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MOHAMMAD AGHANAZARI, et al.,

Plaintiff,

v.

SOUTHWEST AIRLINES CO., et al.,

Defendant.

No. 2:22-cv-00630-TLN-AC

**ORDER**

This matter is before the Court on Defendant Southwest Airlines Co.'s ("Southwest")[1] Motion to Dismiss.  (ECF No. 24.)  Plaintiffs Mohammad Aghanazari ("Aghanazari") and Kevan Daryabeghi Moghadam ("Moghadam") (collectively, "Plaintiffs") filed an opposition.  (ECF No. 25.)  Southwest did not file a reply.  (ECF No. 27.)  For the reasons set forth below, the Court GRANTS Southwest's motion.

///
///
///
///
///
///

---

[1]     This action involves two named Defendants, Southwest and American Medical Response Ambulance Service, Inc.  Only Southwest is party to the instant motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount all background facts as they are set forth fully in the Court's February 8, 2023 Order.  (ECF No. 20.)  In short, this case arises from a paramedic's treatment of Aghanazari after he began experiencing symptoms of a heart attack while on-board a Southwest flight.  (ECF No. 22 at 5.)  Plaintiffs assert the paramedic assaulted and battered Aghanazari and Southwest was negligent when it failed to intervene and protect Aghanazari from further harm. (*Id*. at 11–14.)

On May 4, 2022, Plaintiffs filed their First Amended Complaint ("FAC"), alleging only one cause of action for negligence against Southwest.  (ECF No. 7 at 2, 11.)  Subsequently, Southwest filed a motion to dismiss Plaintiffs' negligence claim.  (ECF No. 12.)  On February 8, 2023, the Court issued an order granting Southwest's motion to dismiss Plaintiff's negligence claim with leave to amend, finding Plaintiffs failed to provide sufficient factual allegations the alleged assault on Aghanazari was foreseeable to Southwest.  (*Id*. at 5–7.)

On March 10, 2023, Plaintiffs filed the operative Second Amended Complaint ("SAC"), alleging both negligence and negligence per se claims against Southwest.  (ECF No. 22.) Southwest subsequently filed the instant motion to dismiss Plaintiffs' SAC as to Southwest. (ECF No. 24.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

2

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

1    *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

2           If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

3    amend even if no request to amend the pleading was made, unless it determines that the pleading

4    could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

5    1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

6        **III.   ANALYSIS**

7           Plaintiffs allege Southwest, as a common carrier, owed a legal duty of care to Aghanazari

8    under California Civil Code § 2100 ("§ 2100") to protect him from the paramedic's alleged

9    assault and to intervene once the alleged assault began.  (ECF No. 22 at 11–13.)  By failing to

10   take these steps, Plaintiffs allege Southwest was negligent towards Plaintiffs and negligent per se

11   by violating § 2100.  (*Id.* at 13–15.)  Southwest moves to dismiss Plaintiffs' negligence and

12   negligence per se claims against Southwest, arguing the factual allegations in Plaintiffs' SAC are

13   substantially similar to Plaintiffs' FAC and any new factual allegations once again fail to

14   demonstrate the alleged assault by the paramedic was foreseeable to Southwest.  (ECF No. 24-1

15   at 2–3.)  The Court will address each of Plaintiffs' claims in turn.

16       A.   Negligence

17          To state a claim for negligence a plaintiff must show: (1) the existence of a duty of care;

18   (2) breach of that duty; (3) causation; and (4) damages.  *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465,

19   500 (2001).  Southwest argues Plaintiffs' negligence claim once again fails because Plaintiffs

20   have not pleaded sufficient facts to show Southwest had a duty to protect Plaintiff from the

21   alleged assault.  (ECF No. 24-1 at 5.)

22          "The defendant's duty of care is a prerequisite to any claim for negligence."  *Martinez v.*

23   *Flagstar Bank, FSB*, No. 215CV01934KJMCKD, 2016 WL 3906810, at *6 (E.D. Cal. July 19,

24   2016) (citing *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991)).

25   § 2100 states "[a] carrier of persons for reward must use the utmost care and diligence for their

26   safe carriage, must provide everything necessary for that purpose, and must exercise to that end a

27   reasonable degree of skill."  However, "the duty to protect passengers from assault lies only when

28   a common carrier knows or should know that an assault is about to occur."  *City and Cnty. of S.F.*

1   *v. Superior Court*, 31 Cal. App. 4th 45, 48 (1994) (citing *Lopez v. S. Cal. Rapid Transit Dist.*, 40
2   Cal. 3d 780, 785–86 (1975)).

3         In the Court's February 8, 2023 Order, the Court dismissed Plaintiffs' negligence claim
4   because Plaintiffs failed to provide sufficient factual allegations to show the alleged assault on
5   Aghanazari was foreseeable to Southwest.  (ECF No. 20 at 6.)  Plaintiffs once again do not
6   include any such factual allegations in their SAC.  Instead, Plaintiffs allege the assault on
7   Aghanazari was foreseeable because Southwest's employees witnessed the paramedic's alleged
8   assault on Aghanazari and heard the paramedic yell "don't interfere" towards a passenger who
9   told the paramedic to "take it easy."  (ECF No. 22 at 13.)  However, whether Southwest
10  employees witnessed the paramedic's alleged assault on Aghanazari is irrelevant to the issue of
11  foreseeability.  *See City and Cnty. of S.F.*, 31 Cal. App. 4th at 47–48 (noting the issue was not
12  whether the bus driver witnessed the stabbing, but whether the stabbing occurred without prior
13  warning to the bus driver).  Southwest was under no obligation to provide "police services" to
14  Plaintiffs and intervene in the alleged assault.  *Lopez*, 40 Cal 3d. at 780.  Rather, § 2100 only
15  required Southwest to take "precautionary measures" to protect Plaintiffs and other passengers
16  from foreseeable harm.  (*Id*.)  Because Plaintiffs have once again failed to allege Southwest had
17  some warning the alleged assault might occur such that it was foreseeable to Southwest, the Court
18  finds Plaintiffs have not sufficiently alleged Southwest owed Plaintiffs a legal duty of care.

19        Plaintiffs, however, contend dismissal of its negligence claim at this stage would be
20  inappropriate because the issue of foreseeability is a question of fact for the jury to decide.  (ECF
21  No. 25 at 4.)  However, this is a misstatement of law.  To bring the issue of foreseeability before a
22  jury, Plaintiffs must first allege sufficient facts that show Southwest had duty to intervene because
23  some event occurred before the alleged assault which made it foreseeable to Southwest.  And
24  "[w]hether a duty of care exists is a question of law."  *Martinez*, 2016 WL 3906810 at *6 (citing
25  *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 986 (9th Cir. 2000)).

26        As such, the Court GRANTS Southwest's motion to dismiss Plaintiffs' negligence claim.
27  ///
28  ///

B.     Negligence Per Se

The Court now turns to Plaintiffs' negligence per se claim. California Evidence Code § 669 ("§ 669") "codifies the common law doctrine of negligence per se" and "allows proof of a statutory violation to create a presumption of negligence in specified circumstances." *Gravelin v. Satterfield*, 200 Cal. App. 4th 1209, 1218 (2011). To state a negligence per se claim under § 669, Plaintiffs must first show Southwest violated a statute. *Id*. at 1219; Cal. Evid. Code § 669.

Plaintiffs allege Southwest violated § 2100 based on the same set of facts alleged in the negligence claim. The Court has repeatedly stated, "the duty imposed upon carriers by § 2100 includes a duty to protect passengers from assaults by fellow passengers," *Lopez*, 40 Cal. 3d at 785, but "the duty to protect passengers from assault lies only when a common carrier knows or should know that an assault is about to occur." *City and Cnty. of S.F.*, 31 Cal. App. 4th at 48 (citing *Lopez*, 40 Cal. 3d at 785–86). As set forth in the Court's analysis of Plaintiffs' negligence claim, Plaintiffs' SAC fails to allege sufficient facts to show the alleged assault was foreseeable to Southwest. Without alleging sufficient facts to show Southwest violated § 2100, Plaintiffs fail to satisfy the first element of negligence per se claim under § 669.

Accordingly, the Court GRANTS Southwest's motion to dismiss Plaintiffs' negligence per se claim.

///
///
///
///
///
///
///
///
///
///
///

1

### IV.   CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Southwest's motion to dismiss.  (ECF No. 24).  Because the Court has clearly outlined for Plaintiffs the deficiencies in their pleadings and Plaintiffs have failed to correct these deficiencies, the Court finds further amendment would be futile.  As such, the Court dismisses Claims Six and Seven without leave to amend and Southwest is dismissed from this action.  The Court further ORDERS Plaintiffs to file a Status Report within twenty-one (21) days of the electronic filing date of this Order, indicating how Plaintiffs wish to proceed against Defendant American Medical Response Ambulance Service, Inc.

IT IS SO ORDERED.

Date:  October 12, 2023

Troy L. Nunley
United States District Judge

7