UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD AGHANAZARI and KEVAN DARYABEGHI MOGHADAM,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE,<br><br>Defendant. | No. 2:22-cv-00630-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Defendant American Medical Response Ambulance Service's ("AMRAS") Motion to Set Aside Default Judgment. (ECF No. 30.) Plaintiffs Mohammad Aghanazari and Kevan Daryabeghi Moghadam (collectively, "Plaintiffs") filed an opposition. (ECF No. 31.) AMRAS filed a reply. (ECF No. 33.) For the reasons set forth below, the Court GRANTS AMRAS's motion.

///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount all background facts as they are fully set forth in the Court's February 8, 2023 Order. (ECF No. 20.) In short, this case arises from an AMRAS paramedic's treatment of Aghanazari after he began experiencing symptoms of a heart attack while on-board a Southwest Airlines Co. ("Southwest") flight. (ECF No. 22 at 5.)

Plaintiffs initiated this action against Southwest in state court on September 3, 2021, and Southwest removed this action to this Court on April 7, 2022. (ECF No. 1.) On May 4, 2022, Plaintiffs filed their First Amended Complaint ("FAC") against both AMRAS and Southwest, alleging assault, battery, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress against AMRAS and negligence against Southwest. (ECF No. 7.) On June 14, 2022, Plaintiffs served a summons and the FAC on AMRAS. (ECF No. 17.) Then, on May 18, 2022, Southwest filed a motion to dismiss (ECF No. 12), but AMRAS did not file a responsive pleading. On February 8, 2023, the Court granted Southwest's motion to dismiss with leave to amend. (ECF No. 20.) On March 9, 2023, Plaintiffs filed a request for entry of default judgment against AMRAS, which the Clerk of Court entered on March 10, 2023. (ECF Nos. 21, 23.) On March 10, 2023, Plaintiffs also filed the operative Second Amended Complaint ("SAC") (ECF No. 22), and Southwest filed a motion to dismiss (ECF No. 24), which the Court granted without leave to amend on October 16, 2023 (ECF No. 28).

In the October 16, 2023 Order, the Court also ordered Plaintiffs to file a status report on how Plaintiffs wished to proceed against AMRAS. (*Id*. at 7.) On November 6, 2023, Plaintiffs filed a status report stating, "Plaintiffs' undersigned counsel intends to file a motion this week to obtain Plaintiffs' default judgment against Defendant [AMRAS]." (ECF No. 29.) On November 15, 2023, AMRAS filed the instant motion to set aside the entry of default judgment. (ECF No. 30.)

///
///
///
///

2

**II.     STANDARD OF LAW**

A clerk's entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must 'consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Although the "good cause" standard is the same that applies to motions to set aside default judgment under Rule 60(b), "the test is more liberally applied in the Rule 55(c) context." *Id*. at 1091 n.1 (internal quotations and citations omitted); *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (finding district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment). The Court addresses the three "good cause" factors below.

**III.     ANALYSIS**

    A.     <u>Culpable Conduct</u>

Plaintiffs argue AMRAS "engaged in culpable conduct because it had actual or constructive notice of the FAC and failed to respond." (ECF No. 31 at 4.) However, Plaintiffs' argument misses a key part of the applicable standard as the Ninth Circuit has held "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (emphasis in original) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)).

"Intentional" conduct in this sense means "willful, deliberate, or … [in] bad faith," rather than neglectful. *TCI Grp*., 244 F.3d at 697–98. A "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional.'" *Id*. at 697.

In the instant case, AMRAS argues its failure to file an answer is "a result of a miscommunication between the Risk Management Department and Law Department at Global

3

1  Medical Response ('GMR'), the indirect parent company of AMRAS." (ECF No. 30 at 6.) On
2  June 14, 2022, Plaintiffs served the FAC upon the Corporation Services Company ("CSC"), who
3  notified GMR's Risk Management Department of this action. (*Id*. at 8.) It was then the Risk
4  Management Department's responsibility to forward the summons and FAC to Gallagher Basset,
5  AMRAS's Third Party Administrator in GMR's Legal Department, but the Risk Management
6  Department never did because of a misunderstanding of responsibilities within the department.
7  (ECF No. 30-1 at 2–3 ("I did not believe it was my role to take further action or to refer the
8  Summons and [FAC] to Gallagher Bassett, and I assumed that the Risk Management Department
9  had or would be forwarding the Summons and [FAC] to Gallagher Bassett for further
10  handling.").)

11  Thus, while AMRAS concedes it received actual notice of Plaintiffs' filing, AMRAS
12  argues "[t]here is no evidence that an internal miscommunication between the Risk Management
13  and Law Departments at GMR was the result of a malicious effort to thwart plaintiffs'
14  prosecution of this case or the judicial process more generally." (ECF No. 30 at 10.) The Court
15  agrees with AMRAS. AMRAS's explanation of events suggests, at most, neglectful conduct but
16  does rise to the level of willfulness or bad faith. However, "simple carelessness is not sufficient
17  to treat a negligent failure to reply as inexcusable, at least without a determination that other
18  equitable factors … weigh heavily in favor of denial of the motion to set aside default." *Signed*
19  *Personal Check No. 730*, 615 F.3d at 1092.

20        B.     <u>Meritorious Defense</u>

21  "A defendant seeking to vacate a default judgment must present specific facts that would
22  constitute a defense." *TCI Group*, 244 F.3d at 700 (citations omitted). "But the burden on a party
23  seeking to vacate a default judgment is not extraordinarily heavy." *Id*. All that is necessary to
24  satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would
25  constitute a defense: "the question of whether the factual allegation [i]s true" is not to be
26  determined by the court when it decides the motion to set aside the default. *Id*. Rather, that
27  question "would be the subject of the later litigation." *Id*.
28  ///

1        In the instant case, AMRAS argues it has several meritorious defenses, including that
2 Plaintiffs' claims against AMRAS are barred by the applicable statute of limitations and that
3 Plaintiffs have failed to sufficiently state a claim against AMRAS.  (ECF No. 30 at 10–13.)
4 While the Court does not have enough information to determine whether Plaintiffs' claims are
5 time barred or Plaintiffs have made sufficient allegations against AMRAS, the Court finds these
6 are meritorious defenses to this action.  *See Smilde v. Melchner*, No. C 00-2687 CRB, 2006 WL
7 3462581, at *1 (N.D. Cal. Nov. 29, 2006) ("[P]laintiff has demonstrated that he has a meritorious
8 defense to this action; namely that the action is barred by the statute of limitations and that
9 [Defendant] cannot be held personally liable.").
10        Thus, the Court finds this factor also weighs in favor of setting aside default judgment.
11        C.      <u>Prejudice</u>
12        Finally, a court may refuse to set aside an entry of default if doing so would prejudice the
13 other party.  "To be prejudicial, the setting aside of a judgment must result in greater harm than
14 simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701.  Only tangible harm, such as
15 the loss of evidence, complication of discovery, or the risk of fraud, will support the denial of a
16 motion to set aside the entry of default.  *Id*.  A party is not prejudiced simply because it must
17 litigate its claims on the merits.  *Id*.
18        In the instant case, Plaintiffs argue they will be prejudiced because if default is set aside
19 "Plaintiffs will be starting over like it was a new case, despite the two years and two months
20 which have already passed since the original case was filed in [state court] in September of
21 2021."  (ECF No. 31 at 6.)  However, "[t]o constitute prejudice, the harm that would result from
22 setting aside the entry of default must be something more than delay or the costs associated with
23 the litigation itself." *Oh v. ReconTrust Co., N.A.*, No. 821CV01808JVSADS, 2022 WL 677580,
24 at *3 (C.D. Cal. Mar. 4, 2022).  Moreover, "[c]ases should be decided upon their merits whenever
25 reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  Thus, the Court
26 finds this final factor also weighs in favor of setting aside default judgement.
27        Accordingly, the Court GRANTS AMRAS's motion to set aside entry of default.  (ECF
28 No. 30.)

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS AMRAS's Motion to Set Aside Entry of Default. (ECF No. 30). AMRAS shall file a responsive pleading to Plaintiffs' SAC (ECF No. 22) not later than twenty-one (21) days from the electronic filing date of this Order. Should AMRAS not timely file a responsive pleading, Plaintiffs may file a new request for default judgement against AMRAS.

IT IS SO ORDERED.

Date: May 21, 2024

_____
Troy L. Nunley
United States District Judge