UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD AGHANAZARI and KEVAN DARYABEGHI MOGHADAM,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC.,<br><br>Defendant. | No. 2:22-cv-00630-TLN-AC<br><br><br>ORDER |

This matter is before the Court on Defendant American Medical Response Ambulance Service, Inc.'s ("AMR") Motion to Dismiss. (ECF No. 35.) Plaintiffs Mohammad Aghanazari ("Aghanazari") and Kevan Daryabeghi Moghadam ("Moghadam") (collectively, "Plaintiffs") filed an opposition. (ECF No. 36.) AMR filed a reply. (ECF No. 37.) For the reasons set forth below, the Court GRANTS AMR's motion.

///

///

///

///

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On September 24, 2019, Plaintiffs were traveling from Sacramento, California to Phoenix, Arizona aboard Southwest Airlines Flight 865. (ECF No. 22 at 5.) During the flight, Aghanazari began experiencing heart attack symptoms. (*Id.*) Due to Aghanazari's symptoms, the aircraft diverted to Las Vegas and made an emergency landing at McCarran International Airport in Paradise, Nevada. (*Id.*) After landing the aircraft, Southwest Airlines called for paramedics to come on board and assist Aghanazari. (*Id.*) Aghanazari alleges Defendant DOE 2 ("DOE 2"), who was employed by AMR at the time, is the paramedic who interacted directly with Aghanazari on the Southwest aircraft. (*Id.*)

When DOE 2 boarded the Southwest aircraft to assist Aghanazari, Plaintiffs allege DOE 2 was "very angry and surly" and "began yelling at [] Aghanazari for no reason at all." (*Id.*) DOE 2 then treated Aghanazari "very roughly and violently" by "grabbing [him] by the back of the neck and left shoulder, and violently jerking and pulling him around to place [him] onto the gurney[.]" (*Id.* at 5–6.) A passenger — who was a medical doctor — then told DOE 2 to "take it easy," but DOE 2 responded by "angrily" shouting "don't interfere!" (*Id.* at 6.)

Aghanazari was subsequently transported to Desert Springs Hospital in Las Vegas, Nevada, and was diagnosed with a blockage of an artery to his heart. (*Id.*) Moghadam, Aghanazari's wife, alleges she suffered "extreme emotional distress and mental trauma when she observed the negligent and outrageous conduct of DOE 2 with respect to her husband, Aghanazari." (*Id.* at 5–6.)

On September 3, 2021, Plaintiffs filed the instant action in Sacramento Superior Court. (ECF No. 1-2 at 3–8.) Defendant Southwest Airlines Co. ("Southwest")[1] then removed the action to this Court based on diversity under 28 U.S.C. § 1332. (ECF No. 1.) Plaintiffs subsequently filed a Second Amended Complaint ("SAC"), alleging various intentional tort claims. (ECF No. 22) The following claims remain pending against AMR and DOE 2: (1) assault; (2) battery; (3) negligence; (4) negligent infliction of emotional distress; and (5) intentional infliction of

---

[1]     Southwest was dismissed from the instant case on October 16, 2023. (ECF No. 28.)

2

1  emotional distress.  (*Id.* at 4–11.)  AMR now moves to dismiss these claims.  (ECF No. 35.)

2  **II.     STANDARD OF LAW**

3       A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

     On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

     Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the

plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.   ANALYSIS**

AMR moves to dismiss this action based on two separate arguments. First, AMR argues Plaintiffs' claims are time-barred. (ECF No. 35.) In the alternative, AMR contends Plaintiffs fail to allege sufficient facts. (*Id.*) Because the Court concludes Plaintiffs' claims are barred by the statute of limitations, it does not address the sufficiency of the allegations.

4

A. <u>Statute of Limitations</u>

At the outset, AMR argues the gravamen of Plaintiffs' claims rests on DOE 2's status as a health care provider and his alleged professional misconduct. (ECF No. 35 at 9–13.) According to AMR, this means the statute of limitations in the Medical Injury Compensation Reform Act ("MICRA") applies as set forth in Cal. Civ. Proc. Code § 340.5 ("§ 340.5"). (*Id.* at 11–13.) In opposition, Plaintiffs do not dispute AMR's argument regarding the gravamen of the claims, but instead argues that California substantive law should not apply. (ECF No. 36 at 3.) The Court begins by addressing whether California law applies before turning to whether MICRA should apply in this case and if so, whether § 340.5 bars Plaintiffs' claims.

*i.   Choice of Law*

In opposition to AMR's motion to dismiss, Plaintiffs argue this Court should apply Nevada substantive law rather than California substantive law. (ECF No. 36 at 3–6.) Plaintiffs do not specify which Nevada law should apply instead. (*Id.*) To the extent Plaintiffs are attempting to raise a choice of law argument, the Court finds this argument unavailing.

As a federal court sitting in diversity, this Court must apply California's choice of law rules. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 65 (2013) (internal citation omitted). California applies the "governmental interest" test to choice of law issues. *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 87 (2010) (noting "the earlier methodology for resolving choice-of-law issues has been replaced in this state by the governmental interest mode of analysis"); *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1270 (10th Cir. 2021) (examining how California applies the governmental interest test to resolve conflicts of law issues arising from tort claims). This test involves a three-step inquiry which begins with examining whether the laws differ between the two relevant jurisdictions. *Id.* (internal citations omitted).

Here, there appears to be no material difference between California's statute of limitations under § 340.5 and Nevada's analogous statute. *See* Nev. Rev. Stat. Ann. § 41A.097 ("[A]n action for injury . . . against a provider of health care may not be commenced more than 3 years after the date of injury or 1 year after the plaintiff discovers or through the use of reasonable diligence

5

should have discovered the injury, whichever occurs first[.]"). Therefore, as the Court explains further below, because Plaintiffs claims would be barred under the statute of limitations under either California or Nevada law, there is no true conflict. As such, the Court begins and ends its choice of law analysis at step one. *Cf. EVGA Corp. v. B & H Foto & Elecs. Corp*, No. 19-CV-02230-JLS-ADS, 2020 WL 5028321, at *4 (C.D. Cal. June 22, 2020) (similarly ending the choice of law analysis at step one).

       *ii.*  *MICRA Applies to Plaintiffs' Claims*

   MICRA applies to professional negligence actions against health care providers. *Flores v. Presbyterian Intercommunity Hosp.*, 63 Cal. 4th 75, 79, 369 P.3d 229, 230 (2016). Therefore, as a threshold matter, the Court must determine: (1) whether DOE 2 is a health care provider as defined under MICRA; and (2) whether, as a whole, this action constitutes a professional negligence action. The Court addresses these questions in turn.

   First, relevant here, emergency medical technicians and paramedics are health care providers as defined under § 340.5. *See Canister v. Emergency Ambulance Service*, 160 Cal. App. 4th 388, 404–06 (2008). While Plaintiffs attempt to argue otherwise, it is clear from the allegations that DOE 2 falls within this category and is subject to MICRA. In the SAC, Plaintiffs allege that after Southwest "called for paramedics" to assist Aghanazari, DOE 2 — a "paramedic" — responded. (ECF No. 22 ¶ 10.) Plaintiffs argue they referred to DOE 2 as "paramedic" merely as a "shorthand and a convenient way of referring to him" but never alleged DOE was the type of medical professional subject to MICRA's statute of limitations.[2] (ECF No. 36 at 6–8.) The Court finds this argument unavailing and does not alter the conclusion that DOE 2 is a health care provider as defined under MICRA.

   Second, where, as here, a claim against a health care provider is based on a "legal theory other than medical malpractice, the courts must determine whether it is nevertheless based on the

---

[2] Plaintiffs also request leave to amend the SAC to identify DOE 2 as an "individual." (ECF No. 36 at 6–8.) However, Plaintiffs cannot avoid MICRA's application through artful pleading. *Cf. Larson v. UHS of Rancho Springs, Inc.*, 230 Cal. App. 4th 336, 347 (2014), *as modified* (Oct. 2, 2014) (noting "Courts must look past the labels Plaintiffs use"). Therefore, this request is DENIED.

1 'professional negligence' of the health care provider so as to trigger MICRA." *Smith v. Ben Bennett, Inc.*, 133 Cal. App. 4th 1507, 1514 (2005); *see also Larson*, 230 Cal. App. 4th at 347 (internal citations omitted) (noting "Courts must look past the labels Plaintiffs use and examine the nature or gravamen of the claim[.]"). Professional negligence is defined as: (1) "a negligent act or omission to act by a health care provider in the rendering of professional services;" (2) "which act or omission is the proximate cause of injury or wrongful death;" (3) "provided that such services are within the scope of services for which the provider is licensed;" and (4) "which are not within any restriction imposed by the licensing agency or licensed hospital." Cal. Civ. Proc. Code § 340.5(2).

AMR relies on *Larson*, to support the argument that MICRA applies. (ECF No. 35 at 9 (citing 230 Cal. App. 4th at 347).) In *Larson*, the plaintiff alleged an anesthesiologist injured him by "forcefully grabbing and twisting his arm" during a pre-surgical checkup and by "prying open his mouth" and "violently punching, lifting, and pushing" his face while placing a mask to administer anesthesia. 230 Cal. App. 4th at 351. Based on these allegations, the plaintiff brought claims for battery and intentional infliction of emotional distress. *Id.*

The California Court of Appeal found the underlying intentional tort claims were based on professional negligence, because they were "simply claims [that the anesthesiologist] performed his professional services in an unnecessarily harsh and forceful manner, which amount[ed] to a claim [the anesthesiologist] failed to meet the applicable standard of care in rendering his services." *Id.* at 351.

Here, Plaintiffs allege DOE 2 was a paramedic who "treated" Aghanazari "very roughly and violently by grabbing [] Aghanazari by the back of the neck and left shoulder, and violently jerking and pulling him around to place [him] onto the gurney." (ECF No. 22 at 5–6.) As in *Larson*, the Court finds Plaintiffs' claims are based on DOE 2's professional negligence, because they stem from DOE 2's failure to meet the applicable standard of care when rendering aid to Aghanazari. Consequently, all of Plaintiffs' claims fall under MICRA and are subject to the statute of limitations set forth in § 340.5.

///

                *iii.*       *Plaintiffs' Claims are Time-Barred under MICRA*

Having established MICRA applies, the Court next examines whether MICRA's statute of limitations bars Plaintiffs' claims. Under MICRA, "professional negligence actions against health care providers must be brought within 'three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.'" *Flores v. Presbyterian Intercommunity Hosp.*, 63 Cal. 4th 75, 79 (2016) (quoting Cal. Civ. P. Code § 340.5(2)). The statute begins to run "when the plaintiff has notice or information of circumstances to put a reasonable person *on inquiry*, or has the opportunity to obtain knowledge from sources open to his investigation." *Sanchez v. S. Hoover Hosp.*, 18 Cal. 3d 93, 101 (1976) (citations and quotations omitted, emphasis in original).

According to AMR, the statute began to run at the date of the alleged incident on September 24, 2019, and expired on September 24, 2020. (ECF No. 35 at 12–13; ECF No. 38 at 4.) Because Plaintiffs filed their original Complaint on September 3, 2021 — nearly two years after the alleged incident — AMR argues Plaintiffs' claims are time-barred. The Court agrees. Plaintiffs provides no argument to dispute their injuries were discovered on the date of the alleged incident. Moreover, upon examination of the SAC, the Court finds the factual allegations support this conclusion. For example, Plaintiffs allege "Moghadam suffered extreme emotional distress and mental trauma *when* she observed" DOE 2's conduct. (ECF No. 22 at 6 (emphasis added).) Accordingly, the Court finds the statute of limitations clock began to run on September 24, 2019 — the date of the alleged incident. Because Plaintiffs filed their Complaint more than a year after the date of injury, the Court finds Plaintiffs' claims time-barred by § 340.5's statute of limitations and ends it analysis there. Further, because the Court finds "other facts consistent with the challenged pleading could not possibly cure the deficiency" discussed above, the Court GRANTS AMR's Motion to Dismiss without leave to amend. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal citation omitted); *see also Larson*, 230 Cal. App. 4th at 354 (finding trial court did not abuse its discretion in denying leave to amend).

**IV.**    **CONCLUSION**

For the foregoing reasons, the Court GRANTS AMR's Motion to Dismiss (ECF No. 35)

8

1  without leave to amend.  The Clerk of Court is directed to CLOSE this case.

2       IT IS SO ORDERED.

3  Date: March 26, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE